UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD STEINBERG, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>LINCOLN HERITAGE LIFE INSURANCE COMPANY, LONDEN INSURANCE GROUP INC., THOMAS LONDEN,<br>　　　　Defendants. | Civil Action No. 12-12318-PBS |

## MEMORANDUM AND ORDER

August 15, 2014

Saris, U.S.D.J.

　　Proposed class representative Richard Steinberg settled with defendants the day before this Court was scheduled to hear his motion for class certification. The Court entered a 60-day settlement order of dismissal on April 28, 2014 (docket no. 80). Just days before dismissal, three members of the proposed class moved to intervene as named plaintiffs in this matter. After hearing, the motion to intervene (docket no. 81) is **ALLOWED**. Defendants contend that if Plaintiffs file a new class action, they will violate the First Circuit's rule prohibiting "stacking" of class actions on top of one another for tolling purposes. Basch v. Ground Round, Inc., 139 F.3d 6, 11-12 (1st Cir. 1998) ("After class certification has been denied in an action,

1

potential individual plaintiffs cannot extend that limitations period by relying on successive class actions which allege the same class and the same claims."); see generally Am. Pipe & Constr. Co. v. Utah, 414 U.S. 538 (1974) (holding that the commencement of a class action tolls the applicable statute of limitations as to all purported class members who moved to intervene after the denial of class certification); see also Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345 (1983) (extending American Pipe to would-be class members who file separate individual actions after denial of class certification).

Plaintiffs argue that American Pipe tolling applies because the Court has never reached a final determination as to whether these claims are appropriate for Rule 23 adjudication. Cf. Sawyer v. Atlas Heating & Sheet Metal Works, Inc., 642 F.3d 560, 563-64 (7th Cir. 2011) (applying American Pipe tolling rules to subsequent class action where first class action was dismissed by lead plaintiff); see also Yang v. Odom, 392 F.3d 97, 99 (3d Cir. 2004) (allowing tolling for second class action where denial of certification in first class suit was "unrelated to the appropriateness of the substantive claims for certification"); Catholic Soc. Servs., Inc. v. I.N.S., 232 F.3d 1139 (9th Cir. 2000) (permitting American Pipe tolling where plaintiffs filing second class suit "are not attempting to relitigate an earlier denial of class certification"). Plaintiffs appear to have a

better argument under the case law. Still, given the dicta in Basch, and Defendants' about face in the applicability of American Pipe, I allow the motion to intervene. Plaintiffs shall file their motion for class certification within thirty (30) days of this order.

Plaintiffs' emergency motion to issue a corrective notice (docket no. 84) is **DENIED** because Defendants' letter to potential class members is neither misleading nor coercive.

      /s/ PATTI B. SARIS
      Patti B. Saris
      Chief United States District Judge